UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ISAIAS PERALTA, | ) | |
| | ) | |
| Petitioner, | ) | Case No. C10-1890-MJP-BAT |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND** |
| UNITED STATES OF AMERICA, | ) | **RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

## I.     INTRODUCTION

Isaias Peralta, a Washington state prisoner, submitted a motion under 28 U.S.C. § 2255. Dkt. 1. Because he seeks to vacate his state conviction for child molestation in King County Superior Court No. 09-1-05736-9 KNT, this matter is properly a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 1. It is clear Mr. Peralta has not exhausted his state remedies. The Court therefore recommends his habeas petition be **DENIED**, and that the case be **DISMISSED** without prejudice.

## II.     BACKGROUND

Mr. Peralta was convicted in King County Superior Court No. 09-1-05736-9 KNT of child molestation in the second degree on September 20, 2010. Dkt. 1 at 1. Mr. Peralta's habeas petition indicates that after his conviction, he filed a "motion to dismiss on 8.3" and a "state habeas corpus"

REPORT AND RECOMMENDATION - 1

in the state superior court. *Id*. at 3-4. The habeas petition makes no showing that Mr. Peralta presented the claims contained in his habeas petition to the high state court and given the recency of his conviction, it is unlikely that he did.

### III.   DISCUSSION

A state prisoner cannot obtain federal habeas corpus relief unless he has exhausted all available state court remedies. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)-(c). The exhaustion requirement is intended to give the state courts the first opportunity to remedy a constitutional violation. *Picard v. Connor*, 404 U.S. 270, 275 (1971). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).

Mr. Peralta has submitted nothing showing he presented his federal habeas claims to the highest Washington State court for review. Rather he attached correspondence from the United States Supreme Court and Court of Appeals for the Ninth Circuit showing both courts declined to review his case for lack of exhaustion. It is clear that since Mr. Peralta was just sentenced on September 20, 2010, the Washington State Supreme Court could not have had the opportunity to address his claims. Accordingly, Mr. Peralta's claims are not exhausted and he cannot pursue them in a federal habeas action at this point.

Although a pro se litigant is normally granted the chance to file an amended complaint to cure deficiencies, the failure to exhaust state remedies cannot be cured by amendment. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000) (holding that a pro se habeas petitioner is entitled to a statement of the grounds for dismissal and an opportunity to amend the petition unless it clearly appears that the deficiency cannot be overcome by amendment); *see also* Rule 4 of the Rules

REPORT AND RECOMMENDATION - 2

Governing § 2254 Proceedings ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."). The Court therefore recommends this matter be dismissed without prejudice. If Mr. Peralta believes that he has in fact exhausted his claims by presenting them to the Washington State Supreme Court, he should set forth his explanation as to that fact in his written objections to this Report and Recommendation, if any.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would conclude that Mr. Peralta is entitled to relief. Accordingly, the Court recommends a COA not be issued, and that pursuant to Rule 11 of the Rules Governing § 2254 cases, the district court deny issuance of a COA if it dismisses this matter for failure to exhaust. Mr. Peralta should address whether a COA should be issued in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

The Court recommends: (1) Mr. Peralta's habeas petition be **DISMISSED** without prejudice and (2) a COA not be issued. A proposed order accompanies this Report and

REPORT AND RECOMMENDATION - 3

1  Recommendation. The Clerk is directed to provide a copy of this Report to Mr. Peralta.

2      DATED this 22nd day of November, 2010.

$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxxxxx}$ /s/ _____
$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxxxxx}$ BRIAN A. TSUCHIDA
$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxxxxx}$ United States Magistrate Judge

REPORT AND RECOMMENDATION - 4